UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

RODNEY KARL BLACKWELL,

Plaintiff,

v.

A. JENKINS, et al.,

Defendants.

No. 2:19-cv-0442 TLN DB P

ORDER

Plaintiff is a state prisoner proceeding pro se with an action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his rights under the Eighth and Fourteenth Amendments. Presently before the court is plaintiff's motion to proceed in forma pauperis (ECF No. 3) and three separate amended complaints filed simultaneously (ECF Nos. 16, 17, 18). For the reasons set forth below, the court will grant the motion to proceed in forma pauperis, dismiss the complaints, and direct plaintiff to file one amended complaint.

**IN FORMA PAUPERIS**

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a). (ECF No. 2.) Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§ 1914(a), 1915(b)(1). By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). By separate order, the court will direct

1

the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

**BACKGROUND**

Plaintiff initiated this action on March 13, 2019. However, plaintiff did not sign his complaint. (See ECF No. 1 at 20.) Because the court cannot consider unsigned filings, the original complaint was stricken from the record pursuant to Federal Rule of Civil Procedure 11 and Local Rule 131. (ECF No. 8.) The court granted plaintiff leave to file an amended complaint and advised plaintiff that unrelated claims against multiple defendants should be brought in separate actions.

It appears that plaintiff took literally, the court's advisement that separate claims belong in separate complaints. The court will clarify that unrelated claims against different defendants should be brought in entirely separate actions. Allegations related to different defendants may only be brought in the same case if the allegations arise out of the same transaction or occurrence, or series of transactions and occurrences. Fed. R. Civ. P. 20(a); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980).

Additionally, an amended complaint supersedes a prior complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once an amended complaint is filed, any prior complaint no longer serves a function in the case. (Id.) Thus, the third amended complaint (ECF No. 18), supersedes the other two complaints. However, because it appears that plaintiff misinterpreted the court's prior advisement, it will dismiss the amended complaints and provide plaintiff another opportunity to file one amended complaint that complies with the Federal Rules of Civil Procedure and the Local Rules.

////

////

**SCREENING**

**I.      Legal Standards**

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution .

> . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

**II.     Allegations in the Amended Complaints**

As set forth above, in response to the court's advisement that separate claims belong in separate complaints, plaintiff filed three separate complaints. The first complaint filed (ECF No. 16) contains allegations against defendants Jenkins, Bartkiewiecz, and Prakash. The second (ECF No. 17) contains allegations against Dr. Dmytrienko and the third complaint (ECF No. 18) contains allegations against correctional counselor McFadden.

**A. Allegations Against Jenkins, Bartkiewiecz, and Prakash**

Plaintiff claims officers Jenkins, Bartkiewiecz, and Prakash violated his rights in connection with two rules violations reports he received for possession of inmate manufactured alcohol. (ECF No. 16.) Plaintiff claims these defendants planted evidence to use against him in violation of his due process rights.

////

4

**B. Allegations Against Dmytrienko**

Plaintiff claims Dmytrienko has failed to provide plaintiff with adequate medical care in violation of his Eighth Amendment rights because he has failed to provide plaintiff with medication that will treat his pain without exacerbating his other health conditions. (ECF No. 17.)

**C. Allegations Against McFadden**

Plaintiff claims McFadden violated his rights to due process and equal protection during classification committee hearings. (ECF No. 18.) Plaintiff claims McFadden told him that in order to receive a specific prison work assignment he would need to take the Test of Adult Basic Education (TABE). He claims he was prevented from taking the entire test so that he could not score high enough to get a better job placement.

**III.     Unrelated Claims against Different Defendants Belong in Different Suits**

As the court noted of the original unsigned complaint, plaintiff has presented three separate claims that involve different defendants, different facts, and unrelated issues of law. Plaintiff is again informed that he may not bring unrelated claims against unrelated parties in a single action. Fed. R. Civ. P. 18(a), 20(a)(2); Owens v. Hinsley, 635 F.3d 950, 952 (7th Cir. 2011) (unrelated claims against different defendants belong in separate suits and complaints violating that principle should be rejected). While multiple claims against a single party may be alleged in a single complaint, unrelated claims against different defendants must be alleged in separate suits. See George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly brought complaint raising fifty distinct claims against twenty-four defendants).

Plaintiff may only bring a claim against multiple defendants so long as (1) the claim(s) arise out of the same transaction or occurrence, or series of transactions and occurrences, and (2) there are common questions of law or fact. Fed. R. Civ. P. 20(a); Desert Empire Bank v. Ins. Co. of N. Am., 623 F.2d 1371, 1375 (9th Cir. 1980). As a practical matter, this means that claims involving different parties cannot be joined together in one complaint if the facts giving rise to the claims were not factually related in some way—that is, if there was not "similarity in the factual

background." Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to constitute similarity when the specifics are different. Id. The fact that several of plaintiff's claims involve allegations of retaliation does not necessarily make claims related for purposes of Rule 18(a). Id. at 1351.

The court is unable to discern any common questions of law or fact between plaintiff's claims. Additionally, trying to proceed with these disparate claims in a single case would be practically difficult, if not impossible. If plaintiff elects to file an amended complaint he should assert only claims arising from common events and containing common questions of law or fact. See George, 507 F.3d at 607 ("Unrelated claims against different defendants belong in different suits, not only to prevent the sort of morass [a multiple claim, multiple defendant] suit produce[s], but also to ensure that prisoners pay the required filing fees—for the Prison Litigation Reform Act limits to 3 three the number of frivolous suits or appeals that any prisoner may file without prepayment of the required fees.") (citing 28 U.S.C. § 1915(g)). Alternatively, plaintiff may select a single defendant and bring as many claims as he has against that party. See Fed. R. Civ. P. 18(a).

**IV.        Amending the Complaint**

In any amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v. Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The

6

charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P 10(b). The amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

////

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for leave to proceed in forma pauperis (ECF No. 2) is granted.
2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.
3. Plaintiff's amended complaints (ECF Nos. 16, 17, 18) are dismissed.
4. Within thirty (30) days of the date of this order, plaintiff shall file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice. The amended complaint must bear the docket number assigned to this case and must be labeled "First Amended Complaint."
5. The Clerk of the Court is directed to send plaintiff a copy of the civil rights complaint form.
6. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: November 6, 2019

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/blac0442.scrn

8