UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KARL BLACKWELL, | No. 2:19-cv-0442 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| A. JENKINS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding pro se with an action pursuant to 42 U.S.C. § 1983. Plaintiff claims that defendants violated his rights under the Eighth and Fourteenth Amendments. Presently before the court is plaintiff's first amended complaint for screening. (ECF No. 22.) For the reasons set forth below, the court will give plaintiff the option to proceed with the complaint as screened or file an amended complaint.

## SCREENING

### I. Legal Standards

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

////

1

granted, or that seek monetary relief from a defendant who is immune from such relief. See 28 U.S.C. § 1915A(b)(1) & (2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Franklin, 745 F.2d at 1227. Rule 8(a)(2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)).

However, in order to survive dismissal for failure to state a claim a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Bell Atlantic, 550 U.S. at 555. In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff. See Monell v. Dept. of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976). "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or

2

omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged. See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978). Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient. See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

## II.  Allegations in the First Amended Complaint

### A. Claim I

Plaintiff states the events giving rise to the claim occurred while he was incarcerated at Mule Creek State Prison (MCSP). (ECF No. 22 at 1.) Plaintiff has named as defendants correctional officers: (1) Jenkins; (2) Bartkiewicz; and (3) Prakash. (Id.)

Plaintiff claims that on December 30, 2018, Jenkins discovered plaintiff possessed a small amount of alcohol and gave him a rules violation report (RVR). (Id. at 10.) Thereafter, plaintiff filed a grievance claiming Jenkins planted false evidence. (Id. at 11.) After plaintiff named Jenkins in the grievance, he began to verbally harass plaintiff, stare at plaintiff "with hateful looks" to make him "uncomfortable," and force plaintiff to submit to random searches.

Plaintiff claims that on February 2, 2019, Jenkins "sent" officers Barkiewicz and Prakash to "harass, vex, annoy, and search[]" him. (Id. at 12.) Plaintiff states that Jenkins arrived and took a "small Folgers 8 ounce container with Kool-aid, apple juice and water in it" stating they suspected it was inmate manufactured alcohol. (Id. at 12.) Plaintiff requested that they test the liquid. They refused and plaintiff requested that the lieutenant come to his cell with the test kit, but they refused. Plaintiff requested a test kit a couple hours later and offered to pay to the have the substance tested. However, he was informed that they officers disposed of the liquid. Plaintiff also asked to submit to a urinalysis test but was told to return to his housing unit.

////

3

Plaintiff alleges that shortly thereafter Jenkins came to his cell with legal mail and while there kicked food items down the tier to Bartkiewicz. (Id. at 13-14.) Plaintiff wrote a grievance claiming "theft, harassment, to incite violence." (Id. at 14.) At a subsequent unspecified date Jenkins took several packaged food items from plaintiff's cell and claimed they were in front of the cell. Plaintiff further claims that Jenkins falsified the cell search document. Plaintiff claims that on August 8, 2019, he withdrew the complaint. (Id. at 15.)

Plaintiff states that on September 11, 2019, Jenkins entered plaintiff's cell sat on the bunk, watched the television, riffled through the lockers, and took two candy bars without leaving a cell search document. (Id. at 15-16.) He also claims that Jenkins would stop inmates talking with plaintiff and cause trouble with plaintiff's cellmates informing them he was doing so because of their association with plaintiff. (Id. at 16.)

Plaintiff claims that on November 10, 2019, Jenkins instructed officers Vaught and Johnson to go to plaintiff's cell and take as many items as they could. (Id. at 17-18.) He states they took plaintiff's Sony CD player even though plaintiff has documentation showing that he purchased it. (Id. at 18.) Three days later Jenkins returned to plaintiff's cell and took his television.

On November 15, 2019, Jenkins approached plaintiff and tried to incite him by telling plaintiff that he was giving plaintiff an RVR. Plaintiff demanded an explanation and Jenkins said, "Your in prison I can do what I want. [T]his is ches[s] not checkers. Who you going to tell. I do what I want." (Id. at 19.)

### B. Claim II and Claim III

Plaintiff claims Bartkiewicz and Prakash violated his rights by failing to test the liquid confiscated from plaintiff on February 2, 2019. (ECF No. 22 at 24-27.)

### III. Does Plaintiff State a Claim?

#### A. Conspiracy

##### 1. Legal Standards

In the context of conspiracy claims brought pursuant to § 1983, a complaint must "allege [some] facts to support the existence of a conspiracy among the defendants." Buckey v. County

of Los Angeles, 968 F.2d 791, 794 (9th Cir. 1992); Karim-Panahi v. Los Angeles Police Department, 839 F.2d 621, 626 (9th Cir. 1988). Plaintiff must allege that defendants conspired or acted jointly in concert and that some overt act was done in furtherance of the conspiracy. Sykes v. California, 497 F.2d 197, 200 (9th Cir. 1974).

A conspiracy claim brought under § 1983 requires proof of "'an agreement or meeting of the minds to violate constitutional rights,'" Franklin v. Fox, 312 F.3d 423, 441 (9th Cir. 2001) (quoting United Steel Workers of Am. V. Phelps Dodge Corp., 865 F.2d 1539, 1540-41 (9th Cir. 1989) (citation omitted)), and an actual deprivation of constitutional rights, Hart v. Parks, 450 F.3d 1059, 1071 (9th Cir. 2006) (quoting Woodrum v. Woodward County, Oklahoma, 866 F.2d 1121, 1126 (9th Cir. 1989)). "'To be liable, each participant in the conspiracy need not know the exact details of the plan, but each participant must at least share the common objective of the conspiracy.'" Franklin, 312 F.3d at 441 (quoting United Steel Workers of Am., 865 F.2d at 1541).

Section 1985 proscribes conspiracies to interfere with an individual's civil rights. To state a cause of action under §1985(3), plaintiff must allege: (1) a conspiracy, (2) to deprive any person or class of persons of the equal protection of the laws, (3) an act done by one of the conspirators in furtherance of the conspiracy, and (4) a personal injury, property damage, or deprivation f any right or privilege of a citizen of the United States. Gillispie v. Civiletti, 629 F.2d 637, 641 (9th Cir. 1980); Giffin v. Breckenridge, 403 U.S. 88, 102-03 (1971). Section 1985 applies only where there is a racial or other class-based discriminatory animus behind the conspirators' actions. Sever v. Alaska Pulp Corp., 978 F.2d 1529, 1536 (9th Cir. 1992).

The Ninth Circuit has held that a claim under § 1985 must allege specific facts to support the allegation that defendants conspired together. Karim-Panahi, 839 F.2d at 626. A mere allegation of conspiracy without factual specificity is insufficient to state a claim under 42 U.S.C. § 1985. Id.; Sanchez v. City of Santa Anna, 936 F.2d 1027, 1039 (9th Cir. 1991).

**2. Analysis**

Plaintiff alleges that Jenkins, Bartkiewicz, and Prakash conspired to violate his rights. In support of this allegation plaintiff states that they work together and that Jenkins is the head of

security on the yard. However, such allegations are not sufficient to show a conspiracy. To state a claim plaintiff must plead facts showing which defendants conspired, how they conspired and how the conspiracy led to a deprivation of his constitutional rights. See Harris v. Roderick, 126 F.3d 1189, 1196 (9th Cir. 1997). Accordingly, plaintiff's conspiracy claim will be dismissed with leave to amend.

### B. Due Process – Testing

Plaintiff alleges that his due process rights were violated because the officers refused to conduct a urinalysis or field test the substance officers identified as inmate manufactured alcohol. (ECF No. 22 at 12.) Plaintiff cited a section of the California Department of Corrections and Rehabilitation (CDCR) Title 15 that sets forth the methods for testing controlled substances or alcohol. See Cal. Code Regs. tit. 15, § 3290(b), (c) (providing that field testing "may be performed" and that urine samples "may be done" for certain specified reasons). At the outset, the court notes that § 3290 states that field tests and urinalysis "may be performed." Thus, testing is permissive rather than mandatory. Additionally, plaintiff cannot state a claim under § 1983 based on defendants' failure to comply with state laws or state regulations. Riley v. Vizcarra, No. 3:18-cv-2911 JAH BLM, 2019 WL 6497884 at *7 (E.D. Cal. Dec. 3, 2019) (finding plaintiff's allegation that officers violated prison regulations when they refused to conduct a urinalysis or field test fails to state a due process claim).

In order to state a claim under 42 U.S.C. section 1983, the plaintiff must allege a violation of a right secured by the federal constitution or federal law. See Parratt v. Taylor, 451 U.S. 527, 535 (1982), overruled on other grounds, Daniels v. Williams, 474 U.S. 327 (1986); Haygood v. Younger, 769 F.2d 1350, 1353-54 (9th Cir. 1985), cert. denied, 478 U.S. 1020 (1986). Mere allegations of state law violations do not suffice to plead a section 1983 claim. See Cornejo v. County of San Diego, 504 F.3d 853, 855 n.2 (9th Cir. 2007) ("a claim for violation of state law is not cognizable under § 1983") (citation omitted); Lowell v. Poway Unif. Sch. Dist., 90 F.3d 367, 370 (9th Cir. 1996) ("To the extent that the violation of a state law amounts to the deprivation of a state-created interest that reaches beyond that guaranteed by the federal Constitution, Section 1983 offers no redress") (citation omitted); Kitilya v. Calif. Dep't of Corrections and

Rehabilitation, No. 2:18-cv-0672 JAM DB P, 2018 WL 3129816, at *2 (E.D. Cal. June 20, 2018) ("Section 1983 provides no redress for prison officials' mere violation of state prison regulations.") (citations omitted).

Accordingly, plaintiff's allegation that officers refused to perform a field test or urinalysis fails to state a claim under § 1983.

### C. Due Process – Property Rights

#### 1. Legal Standards

Prisoners have a protected interest in their personal property. Hansen v. May, 502 F.2d 728, 730 (9th Cir. 1974). An unauthorized, intentional deprivation of property is actionable under the Due Process Clause. See Hudson v. Palmer, 468 U.S. 517, 532, n.13 (1984) (citing Logan v. Zimmerman Brush Co., 455 U.S. 422, 435-36 (1982)); Quick v. Jones, 754 F.2d 1521, 1524 (9th Cir. 1985). However, "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." Hudson, 468 U.S. at 533. The availability of an adequate state post-deprivation remedy, e.g. a state tort action, precludes relief because it provides adequate procedural due process. King v. Massarweh, 782 F.2d 825, 826 (9th Cir. 1986). California law provides an adequate post-deprivation remedy for any property deprivations. Barnett v. Centoni, 31 F.3d 813, 816-17 (9th Cir. 1994) (citing Cal. Gov't Code §§ 810-895).

#### 2. Analysis

Plaintiff's allegations involve an intentional confiscation of various items, which resulted in its unauthorized deprivation. However, such a claim is not cognizable under § 1983 because California law provides an adequate remedy.

### D. Retaliation in Violation of the First Amendment

#### 1. Legal Standards

Within the prison context, a viable claim of First Amendment retaliation entails five basic elements: (1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, and that such action (4) chilled the inmate's

exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal. Rhodes v. Robinson, 408 F.3d 559, 567-68 (9th Cir. 2004) (footnote and citations omitted).

"[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm," Brodheim v. Cry, 584 F.3d 1262, 1269 (9th Cir. 2009), that is "more than minimal," Robinson, 408 F.3d at 568 n.11. Filing administrative grievances and initiating civil litigation are protected activities, it is impermissible for prison officials to retaliate against prisoners for engaging in these activities. Rhodes, 408 F.3d at 567.

### 2. Analysis

Plaintiff has alleged that after plaintiff exercised his First Amendment rights by filing a grievance naming Jenkins, Jenkins took adverse action against him by engaging in verbal harassment, conducting unnecessary cell searches, having other officers conduct unnecessary cell searches, and confiscating his property. Such allegations are sufficient to state a retaliation claim against Jenkins.

### E. Eighth Amendment

#### 1. Legal Standards

"The Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer, 511 U.S. at 832 (internal quotation marks and citation omitted). "[A] prison official violates the Eighth Amendment only when two requirements are met. First, the deprivation alleged must be, objectively, sufficiently serious, a prison official's act or omission must result in denial of the minimal civilized measure of life's necessities." Id. at 834 (internal quotation marks and citations omitted). Second, the prison official must subjectively have a sufficiently culpable state of mind, "one of deliberate indifference to inmate health or safety." Id. (internal quotation marks and citations omitted). The official is not liable under the Eighth Amendment unless he "knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." Id. at 837. Then he must fail to

////

8

take reasonable measures to abate the substantial risk of serious harm. Id. at 847. Mere negligent failure to protect an inmate from harm is not actionable under § 1983. Id. at 835.

"Verbal harassment or abuse . . . is not sufficient to state a constitutional deprivation under 42 U.S.C. § 1983." Oltarzewski, 830 F.2d at 139 (citation and internal quotation marks omitted); see also Keenan v. Hall, 83 F.3d 1083, 1092 (9th Cir. 1996) (stating that "verbal harassment generally does not violate the Eighth Amendment"), amended on other grounds by 135 F.3d 1318 (9th Cir. 1998); Gaut v. Sunn, 810 F.2d 923, 925 (9th Cir. 1987) (a "mere naked threat" from prison guards does not violate the Eighth Amendment).

"The Eighth Amendment protects prisoners from searches conducted only for 'calculated harassment.'" Vigliotto v. Terry, 873 F.2d 1201, 1202-03 (9th Cir. 1989) (quoting Hudson v. Palmer, 468 U.S. 517, 530 (1984)). In applying Eighth Amendment principles to prison cell searches, "court have determined that frequent and retaliatory cell searches which result 'in the violent dishevelment of [the prisoner's] cell' and cause the prisoner to suffer 'fear anguish, and misery' constitute an Eighth Amendment violation." Chevere v. Johnson, 38 F.3d 1220, (table) (10th Cir. 1994) (quoting Scher v. Engelke, 943 F.2d 921, 924 (8th Cir. 1991), cert. denied, 503 U.S. 952 (1992).

Plaintiff has alleged that Jenkins conducted and instructed other officers to conduct cell searches in retaliation for exercise of his First Amendment rights. Accordingly, the court finds that plaintiff's allegations are sufficient to state a potentially cognizable Eighth Amendment claim.

**IV.     Amending the Complaint**

As stated above, plaintiff has stated potentially cognizable First and Eighth Amendment claims against defendant Jenkins. However, because the court found that plaintiff's other allegations failed to state a claim he will be given the opportunity to proceed with the complaint as screened or file an amended complaint.

In any amended complaint, plaintiff must demonstrate how the conditions about which he complains resulted in a deprivation of his constitutional rights. Rizzo, 423 U.S. at 370-71. Also, the complaint must allege in specific terms how each named defendant is involved. Arnold v.

9

Int'l Bus. Machs. Corp., 637 F.2d 1350, 1355 (9th Cir. 1981). There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's action and the claimed deprivation. Id.; Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978). Furthermore, "[v]ague and conclusory allegations of official participation in civil rights violations are not sufficient." Ivey, 673 F.2d at 268.

Plaintiff is advised that in an amended complaint he must clearly identify each defendant and the action that defendant took that violated his constitutional rights. The court is not required to review exhibits to determine what plaintiff's charging allegations are as to each named defendant. If plaintiff wishes to add a claim, he must include it in the body of the complaint. The charging allegations must be set forth in the amended complaint, so defendants have fair notice of the claims plaintiff is presenting. That said, plaintiff need not provide every detailed fact in support of his claims. Rather, plaintiff should provide a short, plain statement of each claim. See Fed. R. Civ. P. 8(a).

In an amended complaint, the allegations must be set forth in numbered paragraphs. Fed. R. Civ. P 10(b). The amended complaint must show the federal court has jurisdiction, the action is brought in the right place, and plaintiff is entitled to relief if plaintiff's allegations are true. It must contain a request for particular relief. Plaintiff must identify as a defendant only persons who personally participated in a substantial way in depriving plaintiff of a federal constitutional right. Johnson, 588 F.2d at 743 (a person subjects another to the deprivation of a constitutional right if he does an act, participates in another's act or omits to perform an act he is legally required to do that causes the alleged deprivation).

The federal rules contemplate brevity. See Galbraith v. County of Santa Clara, 307 F.3d 1119, 1125 (9th Cir. 2002) (noting that "nearly all of the circuits have now disapproved any heightened pleading standard in cases other than those governed by Rule 9(b)"); Fed. R. Civ. P. 84; cf. Rule 9(b) (setting forth rare exceptions to simplified pleading). Plaintiff's claims must be set forth in short and plain terms, simply, concisely, and directly. See Swierkiewicz v. Sorema N.A., 534 U.S. 506, 514 (2002) ("Rule 8(a) is the starting point of a simplified pleading system, which was adopted to focus litigation on the merits of a claim."); Fed. R. Civ. P. 8.

Plaintiff is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. An amended complaint must be complete in itself without reference to any prior pleading. E.D. Cal. R. 220. Once plaintiff files an amended complaint, all prior pleadings are superseded. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

By signing an amended complaint, plaintiff certifies he has made reasonable inquiry and has evidentiary support for his allegations, and for violation of this rule the court may impose sanctions sufficient to deter repetition by plaintiff or others. Fed. R. Civ. P. 11.

**CONCLUSION**

For the foregoing reasons, IT IS HEREBY ORDERED that:

1. Plaintiff has stated potentially cognizable claims against defendant Jenkins as set forth in Section III above. The court finds that plaintiff has not stated any other cognizable claims. Accordingly, plaintiff will be given the option to proceed with the complaint as screened or amend the complaint.

2. Within sixty (60) days of the date of this order, plaintiff shall fill out and return the attached form indicating how he would like to proceed in this action.

3. Plaintiff is warned that his failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: March 24, 2020

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:12
DLB:1/Orders/Prisoner/Civil.Rights/blac0442.scrn3

11

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KARL BLACKWELL,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>A. JENKINS, et al.,<br><br>　　　　　Defendants. | No. 2:19-cv-0442 TLN DB P<br><br>PLAINTIFF'S NOTICE ON HOW TO PROCEED |

　　　Check one:

\_\_\_\_\_ Plaintiff wants to proceed immediately on his First and Eighth Amendment claims against defendant Jenkins. Plaintiff understands that by going forward without amending the complaint he is voluntarily dismissing all other claims and defendants.

\_\_\_\_\_ Plaintiff wants to amend the complaint.

　　　DATED:_____

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　
　　　　　　　　　　　　　　　　　　　　　　　　　　Rodney Karl Blackwell
　　　　　　　　　　　　　　　　　　　　　　　　　　Plaintiff pro se