1
2
3
4
5
6
7
8                        UNITED STATES DISTRICT COURT

9                    FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RODNEY KARL BLACKWELL,                    No.  2:19-cv-00442 TLN DB P

12              Plaintiff,

13        v.                                    FINDINGS AND RECOMMENDATIONS

14   A. JENKINS,

15              Defendant.

16

17        Plaintiff is a state prisoner proceeding pro se and in forma pauperis (IFP) with a civil

18   rights action under 42 U.S.C. § 1983.  The action proceeds on plaintiff's First Amended

19   Complaint (FAC), as screened by the court, filed November 21, 2019.  (ECF No. 22.)  Plaintiff

20   asserts claims against defendant, A. Jenkins, under the First and Eighth Amendments.

21        Before the court is defendant's motion to revoke plaintiff's IFP status.  (ECF No. 42.)  For

22   the reasons set forth below, this court will recommend that defendant's motion be granted.

23                                **BACKGROUND**

24        Plaintiff filed this action pursuant to 42 U.S.C. § 1983 on September 24, 2019.  (ECF No.

25   16.)  On November 6, 2019, the court granted plaintiff's motion to proceed IFP but dismissed

26   plaintiff's complaint with leave to amend.  (ECF No. 19.)  Plaintiff filed his FAC on November

27   21, 2019.  (ECF No. 22.)  Following the screening process, plaintiff elected to proceed on his

28   First and Eighth Amendment claims against defendant.  (ECF No. 30.)  Plaintiff voluntarily

dismissed all other claims and defendants.  (ECF No. 30.)

In his FAC, plaintiff alleges that defendant retaliated against plaintiff for filing a grievance against the defendant.  (ECF No. 22 at 11.)  Plaintiff claims that defendant retaliated by conducting searches of the plaintiff's cell and instructing other correctional officers to perform cell searches as well.  (ECF No. 22 at 11.)  On November 5, 2020, defendant filed a motion to revoke plaintiff's IFP status.  (ECF No. 42.)  Plaintiff filed an opposition to the motion on January 29, 2021.  (ECF No. 49.)  Defendant filed a reply to plaintiff's opposition on February 5, 2021.  (ECF No. 50.)

## MOTION TO REVOKE IFP

### I.      In Forma Pauperis Statute

Title 28 U.S.C. § 1915(g) is part of the Prison Litigation Reform Act (PLRA).  The PLRA was intended to eliminate frivolous lawsuits, and its main purpose was to address the overwhelming number of prisoner lawsuits.  <u>Cano v. Taylor</u>, 739 F.3d 1214, 1219 (9th Cir. 2014). Section 1915(g) provides:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

The plain language of the statute makes clear that a prisoner is precluded from bringing a civil action or an appeal in forma pauperis if the prisoner has previously brought three frivolous actions or appeals (or any combination thereof totaling three).  <u>See</u> <u>Rodriguez v. Cook</u>, 169 F.3d 1176, 1178 (9th Cir. 1999).  Section 1915(g) should be used to deny a prisoner's IFP status "only when, after careful evaluation of the order dismissing [each] action, and other relevant information, the district court determines that [each] action was dismissed because it was frivolous, malicious or failed to state a claim."  <u>Andrews v. King</u>, 398 F.3d 1113, 1121 (9th Cir. 2005); <u>see also</u> <u>Knapp v. Hogan</u>, 738 F.3d 1106, 1109 (9th Cir. 2013) (To determine whether a dismissal qualifies as a strike, a "reviewing court looks to the dismissing court's action and the reasons underlying it.").  A dismissal qualifies as a strike only where the entire action was

1    dismissed for a qualifying reason under the PLRA.  Washington v. Los Angeles County Sheriff's

2    Dep't, 833 F.3d 1048, 1055, 1057 (9th Cir. 2016) (citing Andrews v. Cervantes, 493 F.3d 1047,

3    1054 (9th Cir. 2007)).  A denial of a plaintiff's application to proceed IFP is a dismissal for

4    purposes of § 1915(g).  O'Neal v. Price, 531 F.3d 1146, 1153 (9th Cir. 2008).  When an appellate

5    court denies a plaintiff's request to proceed IFP, the denial is also a dismissal for purposes of §

6    1915(g).  Knapp v. Hogan, 738 F.3d 1106, 1110 (9th Cir. 2013).  This applies even if the

7    appellate court relies on a district court's representation that the plaintiff's appeal was not taken in

8    good faith to deny plaintiff's request to proceed IFP.  Id.  The denial of IFP status by an appellate

9    court counts as a dismissal for purposes of § 1915(g) even if the case is eventually dismissed for

10   other reasons.  Richey v. Dahne, 807 F.3d 1202, 1208 (9th Cir. 2015).

11           This "three strikes rule" was part of "a variety of reforms designed to filter out the bad

12   claims [filed by prisoners] and facilitate consideration of the good."  Coleman v. Tollefson, 135

13   S. Ct. 1759, 1762 (2015) (quoting Jones v. Bock, 549 U.S. 199, 204 (2007)).  If a prisoner has

14   "three strikes" under § 1915(g), the prisoner is barred from proceeding IFP unless he meets the

15   exception for imminent danger of serious physical injury.  See Andrews v. Cervantes, 493 F.3d at

16   1052.  To meet this exception, the complaint of a "three-strikes" prisoner must plausibly allege

17   that the prisoner was faced with imminent danger of serious physical injury at the time his

18   complaint was filed.  See Williams v. Paramo, 775 F.3d 1182, 1189 (9th Cir. 2015); Andrews v.

19   Cervantes, 493 F.3d at 1055.

20           Defendants have the burden to "produce documentary evidence that allows the district

21   court to conclude that the plaintiff has filed at least three prior actions that were dismissed

22   because they were 'frivolous, malicious or fail[ed] to state a claim.'"  Andrews v. King, 398 F.3d

23   at 1120 (quoting § 1915(g)).  Once a defendant meets their initial burden, it is plaintiff's burden to

24   explain why a prior dismissal should not count as a strike.  Id.  If the plaintiff fails to meet that

25   burden, plaintiff's IFP status should be revoked under 28 U.S.C. § 1915(g).   Id.

26   **II.        Analysis**

27           Defendant contends that plaintiff accrued strikes for purposes of 28 U.S.C. § 1915(g) in

28   the following four cases: (1) Blackwell v. York, No. 2:08-CV-05750-UA-AGR (C.D. Cal.); (2)

                                                         3

1   Blackwell v. Glick, No. 2:08-CV-00791-UA-AGP (C.D. Cal.); (3) Blackwell v. Peabody, No. 99-

2   15342 (9th Cir.); (4) Blackwell v. Roe, No. 97-56501 (9th Cir.).  (ECF No. 42 at 3.)  The

3   defendant also notes that in Blackwell v. Taxdahl 1:09-cv-00642-LJO-GSA PC (E.D. Cal.) the

4   district court found that Blackwell v. Los Angeles County, No. 2:05-cv-1743-UA-MAN (C.D.

5   Cal.) also constituted a strike.  (Id.)  However, defendant does not contend that this case should be

6   considered a strike. (Id.)

7       **A. Dismissals Defendant Claims Are Strikes**

8           Each of the four cases must be examined separately to determine if the defendant has

9   provided sufficient documentary evidence to conclude the case's dismissal should be considered a

10  strike under 28 U.S.C. § 1915(g).  Andrews v. King, 398 F.3d at 1121.

11          **1.  Blackwell v. York, No. 2:08-CV-05750-UA-AGR (C.D. Cal.)**

12          Plaintiff brought a § 1983 claim against a clerk for the Los Angeles Superior Court for

13  allegedly failing to timely file plaintiff's notice of appeal.  (Ex. 2 to Request for Judicial Notice

14  (ECF No. 43 at 85-86).)[1]  The district court found that plaintiff failed to state a claim as the

15  defendant fell under the protections of quasi-judicial immunity.  (Id.)  Thus, the court denied

16  plaintiff's request for leave to proceed IFP.  (Id.)  When an application to proceed IFP is denied

17  for failure to state a claim, it is dismissed for failure to state a claim for purposes of § 1915(g).

18  O'Neal, 531 F.3d at 1153.  Accordingly, this dismissal qualifies as a strike.

19          **2.  Blackwell v. Glick, No. 2:08-CV-00791-UA-AGP (C.D. Cal.)**

20          Plaintiff brought a § 1983 claim against an attorney in the Los Angeles Office of County

21  Counsel for allegedly using his position to influence the decision made by a state court.  (Ex. 1 to

22  Request for Judicial Notice (ECF No. 43 at 5-6).)  The district court found that plaintiff had not

23  alleged the defendant "deprived him of a right secured by the Constitution and laws of the United

24  States."  (Id.)  As such, the court found plaintiff had failed to state a claim and the court denied

25  _____

26  [1] Defendant requests the court take judicial notice of the records and decisions from the prior
    cases discussed herein.  (ECF No. 43 at 1-2.)  This court may consider plaintiff's litigation history

27  because it is a matter of public record that is not subject to dispute.  Fed. R. Evid. § 201; See
    MGIC Indem. Corp. v. Weisman, 803 F.2d 500, 504 (9th Cir. 1986).   Therefore, the court will

28  grant defendant's request.

1  plaintiff's request for leave to proceed IFP.  (Id.)  When an application to proceed IFP is denied

2  for failure to state a claim, it is dismissed for failure to state a claim for purposes of § 1915(g).

3  O'Neal, 531 F.3d at 1153.  Accordingly, this dismissal qualifies as a strike.

4  **3.  Blackwell v. Peabody, No. 99-15342 (9th Cir.)**

5  Plaintiff appealed the decision of the United States District Court for the Eastern District

6  of California.  (Ex. 3 to Request for Judicial Notice (ECF No. 43 at 157-159).)  The district court

7  certified that the appeal was not taken in good faith.  (Id.)  The appellate court reviewed the

8  record and confirmed that plaintiff was not entitled to IFP status.  (Id.)  The appellate court later

9  dismissed plaintiff's appeal for failure to prosecute when he failed to pay the filing fee.  (Id. at

10  159.)  An appellate court's reliance on a district court's finding that an appeal was not taken in

11  good faith is "equivalent to a finding of frivolity."  Knapp, 738 F.3d at 1110.  Even if the

12  dismissal of an appeal occurs later for another reason, the rejection of IFP status because an

13  appeal is frivolous counts as a dismissal and a strike for purposes of § 1915(g).  Richey, 807 F.3d

14  at 1208.

15  Here, the appellate court dismissed the appeal because the plaintiff did not pay the filing

16  fee.  However, under Richey, this later dismissal does not preclude this case from being

17  considered a strike.  Richey, 807 F.3d at 1208.  The rejection of plaintiff's request for IFP status

18  due to the district court's finding that the appeal was not taken in good faith means the case was

19  dismissed as frivolous for purposes of § 1915(g).  Accordingly, this dismissal qualifies as a strike.

20  **4.  Blackwell v. Roe, No. 97-56501 (9th Cir.)**

21  Plaintiff appealed the decision of the United States District Court for the Central District

22  of California.  (Ex. 4 to Request for Judicial Notice (ECF No. 43 at 161).)  The district court

23  certified that the appeal was not taken in good faith.  (Id.)  The appellate court reviewed the

24  record and determined that plaintiff was not entitled to IFP status.  (Id.)  The appellate court

25  subsequently dismissed plaintiff's appeal for "failure to comply with the rules requiring

26  processing the appeal to hearing."  (Id. at 162.)  The rules discussed in the previous section

27  regarding the rejection of IFP status by an appellate court also apply to this case.

28  Here, the appellate court's determination that plaintiff was not entitled to IFP status as the

appeal was not taken in good faith means the case was dismissed as frivolous for purposes of § 1915(g).  Given that plaintiff's request for IFP status was denied because the appeal was found to be frivolous, it does not matter that plaintiff's appeal was later dismissed on other grounds. Accordingly, this dismissal qualifies as a strike.

### B.  Imminent Danger Exception

In plaintiff's opposition to defendant's motion to revoke IFP status, plaintiff argues that even if he is found to have accrued three strikes, he should be permitted to proceed IFP as he is in imminent danger of serious physical injury.  (ECF No. 49 at 6.)  Plaintiff claims that the defendant and other CDCR officers "were beating inmates with brass knuckles."  (Id.)  However, the imminent danger exception only applies if, at the time the complaint is filed, the plaintiff alleges he is in imminent danger of serious physical injury.  Andrews v. Cervantes, 493 F.3d at 1055.  Thus, only the allegations made in plaintiff's complaint can be considered for determining if the imminent danger exception applies.

In his complaint, plaintiff does not allege that he is in imminent danger of any physical injury.  (See ECF No. 22.)  Plaintiff's complaint includes an allegation that plaintiff witnessed defendant assault another inmate.  (ECF No. 22 at 22.)  However, the alleged assault of another individual is not sufficient on its own to support plaintiff's claim that he is in imminent danger of serious physical injury.  The facts alleged in plaintiff's complaint do not indicate that the plaintiff is in imminent danger of serious physical injury.  As such, plaintiff does not meet the requirements for the imminent danger exception.

### C.  Revocation of Plaintiff's IFP Status

Defendant has met his burden to produce documentary evidence of prior dismissals which allows the court to conclude that plaintiff has accrued three strikes under § 1915(g).  Plaintiff has not met his burden to explain why the prior dismissals should not be considered strikes.

In his opposition, plaintiff does not directly address any of the four cases that defendant contends are strikes.  (See ECF No. 49.)  Plaintiff claims that Blackwell v. Los Angeles County, No. 2:05-cv-1743-UA-MAN (C.D. Cal.) should not be considered a strike.  (ECF No. 49 at 3.) However, defendant only mentions that another court previously found that case qualified as a

1   strike.  (ECF No. 42 at 3.)  Defendant does not appear to claim that it should be considered a

2   strike in this case, nor is it necessary for defendant to do so given he has presented four other

3   cases where plaintiff accrued strikes.

4          Plaintiff also claims that some of the cases that defendant contends are strikes should not

5   be considered strikes as they were dismissed because "the court declined to exercise supplemental

6   jurisdiction over them."  (ECF No. 49 at 5.)  Plaintiff does not identify which cases he believes

7   this applies to.  (Id.)  From the records and decisions before the court, it does not appear that any

8   of the cases were dismissed when a court declined to exercise supplemental jurisdiction.  (See

9   ECF No. 43.)  The evidence presented shows that plaintiff has four prior cases that were

10  dismissed as frivolous or failing to state a claim.  Plaintiff has not explained why any of these

11  four prior dismissals should not be considered strikes.  Thus, plaintiff has failed to meet his

12  burden.

13         Plaintiff accrued at least three strikes for the purposes of 28 U.S.C. § 1915(g) prior to the

14  filing of this action.  Plaintiff also does not fall under the imminent danger exception.

15  Accordingly, the undersigned will recommend that defendant's motion to revoke plaintiff's IFP

16  status be granted.

17                                          **CONCLUSION**

18         For the foregoing reasons, IT IS HEREBY RECOMMENDED that:

19      1.  Defendant's motion to revoke plaintiff's IFP status (ECF No. 42) be granted; and

20      2.  This action be dismissed without prejudice unless plaintiff pays the full filing fee for

21             this action ($400.00) by the deadline for filing objections to these findings and

22             recommendations.

23         These findings and recommendations will be submitted to the United States District Judge

24  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within thirty days after

25  being served with these findings and recommendations, any party may file written objections with

26  the court and serve a copy on all parties. The document should be captioned "Objections to

27  Magistrate Judge's Findings and Recommendations."  Any response to the objections shall be

28  filed and served within seven days after service of the objections.  The parties are advised that

failure to file objections within the specified time may result in waiver of the right to appeal the

district court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  March 3, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:14
DLB1/orders/prisoner-civil-rights/blac0442.revokeifp