1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                     FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   RODNEY KARL BLACKWELL,                    No.  2:19-cv-00442 TLN DB P

12                  Plaintiff,

13          v.                                 FINDINGS AND RECOMMENDATIONS

14   A. JENKINS, et al.,

15                  Defendants.

16

17          Plaintiff, a state prisoner proceeding pro se, has filed a civil rights action pursuant to 42

18   U.S.C. § 1983.  Presently before the court is plaintiff's motion for keep away order.  (ECF No.

19   46.)  For the reasons set forth below, it will be recommended that this motion for preliminary

20   injunctive relief be denied.

21                        **MOTION FOR PRELIMINARY INJUNCTION**

22          Plaintiff seeks preliminary injunctive relief in the form of an order directing defendant

23   Jenkins to "keep away" from the plaintiff. (ECF No. 46.)  In support of this motion, plaintiff

24   alleges that defendant Jenkins has retaliated against the plaintiff for filing the present action.  (Id.

25   at 1.)  More specifically, plaintiff claims that defendant Jenkins has directed other correctional

26   officers to repeatedly search plaintiff's cell.  (Id.)  Plaintiff further claims that plaintiff was given

27   a "fabricated RVR Rule Violation Report" for an interaction plaintiff had with defendant Jenkins

28   where plaintiff asked defendant to leave his cell.  (Id. at 3.)  Plaintiff says that in another incident

                                                    1

1    defendant Jenkins "walked directly into plaintiff's path in order to cause me to bump him, so he

2    can say I assaulted him or was attempting to show the other officers what a man he is to intimate

3    me." (Id. at 2.)  Plaintiff also alleges that he believes defendant Jenkins has read plaintiff's legal

4    mail while searching it for contraband.  (Id. at 3.)  Plaintiff states that he does not "know how

5    much longer this can go without violence."  (Id.)

6        **A.    Legal Standards**

7        A party requesting preliminary injunctive relief must show that "he is likely to succeed on

8    the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the

9    balance of equities tips in his favor, and that an injunction is in the public interest." Winter v.

10   Natural Res. Def. Council, 555 U.S. 7, 20 (2008).  The propriety of a request for injunctive relief

11   hinges on a significant threat of irreparable injury that must be imminent in nature. Caribbean

12   Marine Serv. Co. v. Baldridge, 844 F.2d 668, 674 (9th Cir. 1988).

13       Alternatively, under the so-called sliding scale approach, as long as the plaintiff

14   demonstrates the requisite likelihood of irreparable harm and can show that an injunction is in the

15   public interest, a preliminary injunction may issue so long as serious questions going to the merits

16   of the case are raised and the balance of hardships tips sharply in plaintiff's favor. Alliance for

17   the Wild Rockies v. Cottrell, 632 F.3d 1127, 1131-36 (9th Cir. 2011) (concluding that the

18   "serious questions" version of the sliding scale test for preliminary injunctions remains viable

19   after Winter).

20       The principle purpose of preliminary injunctive relief is to preserve the court's power to

21   render a meaningful decision after a trial on the merits.  See 9 Charles Alan Wright & Arthur R.

22   Miller, Federal Practice and Procedure § 2947 (3d ed. 2014).  Implicit in this required showing is

23   that the relief awarded is only temporary and there will be a full hearing on the merits of the

24   claims raised in the injunction when the action is brought to trial.  Preliminary injunctive relief is

25   not appropriate until the court finds that the plaintiff's complaint presents cognizable claims.  See

26   Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court

27   may issue an injunction if it has personal jurisdiction over the parties and subject matter

28   jurisdiction over the claims . . . .").

2

In cases brought by prisoners involving conditions of confinement, any preliminary injunction must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct the harm." 18 U.S.C. § 3626(a)(2).  Further, an injunction against individuals not parties to an action is strongly disfavored.  See Zenith Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969) ("It is elementary that one is not bound by a judgment . . . resulting from litigation in which he is not designated as a party . . . .").

Further, preliminary injunctive relief is not appropriate until the court finds that the plaintiff's complaint presents cognizable claims.  See Zepeda v. United States Immigration Serv., 753 F.2d 719, 727 (9th Cir. 1985) ("A federal court may issue an injunction if it has personal jurisdiction over the parties and subject matter jurisdiction over the claim; [however] it may not attempt to determine the rights of persons not before the court.").

**B.     Analysis**

As this case is still in the pleading stage, the court is not in a position to decide whether plaintiff is likely to succeed on the merits of his claims.  The submission of evidence is necessary for a court to make determinations related to the merits of a claim.  Barrett v. Belleque, 544 F.3d 1060, 1062 (9th Cir. 2008) (stating a court which found a claim to be cognizable was not in a position to answer questions that go to the merits of that claim).  This differs from what a court needs to determine whether a cognizable claim has been stated on screening.  Id.  Because the court cannot, at the present stage, make a decision regarding the likelihood of plaintiff's success on the merits of his claim, the court will recommend plaintiff's motion for preliminary injunction be denied.

Moreover, even if plaintiff were likely to succeed on the merits, the facts plaintiff has alleged in support of this motion do not indicate he is at risk of suffering irreparable harm if preliminary injunctive relief is not granted.  Plaintiff claims defendant Jenkins has caused correctional officers to search his cell, read plaintiff's legal mail while searching for contraband, and walked into plaintiff's path.  (ECF No. 46 at 1-3.)  These incidents do not show plaintiff is at risk of "irreparable harm in the absence of preliminary relief."  Winter, 555 U.S. at 20.  Plaintiff's

3

1   allegation that defendant filed a fabricated RVR against him (ECF No. 46 at 3) could theoretically

2   show plaintiff is at risk of suffering harm, but plaintiff has not shown that this harm would be

3   irreparable or is even likely.  Winter, 555 U.S. at 20.  Further, the injunctive relief requested by

4   the plaintiff—an order directing defendant to stay away from the plaintiff—would not address

5   this alleged harm at all.  See 18 U.S.C. § 3626(a)(2).  Plaintiff also states that he does not "know

6   how much longer this can go without violence."  (Id. at 2.)  However, this statement is conclusory

7   and not supported by anything the plaintiff has alleged at this time.  Thus, plaintiff has not shown

8   that he is likely to suffer irreparable harm in the absence of preliminary relief.

9        The court cannot determine the likelihood of plaintiff's success on the merits of his claim

10   at the present time. Additionally, it does not appear from plaintiff's motion that he is likely to

11   suffer irreparable harm in the absence of preliminary injunctive relief.  As such, it is

12   recommended that plaintiff's motion be denied.

13   ////

14   ////

15   ////

16   ////

17   ////

18   ////

19   ////

20   ////

21   ////

22   ////

23   ////

24   ////

25   ////

26   ////

27   ////

28   ////

4

1

**CONCLUSION**

2      Accordingly, IT IS HEREBY RECOMMENDED that plaintiff's motion for a temporary

3  restraining order (ECF No. 46) be denied.

4      These findings and recommendations are submitted to the United States District Judge

5  assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

6  after being served with these findings and recommendations, any party may file written

7  objections with the court and serve a copy on all parties.  Such a document should be captioned

8  "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

9  objections shall be filed and served within fourteen days after service of the objections.  The

10  parties are advised that failure to file objections within the specified time may waive the right to

11  appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12  Dated: July 27, 2021

13

14                                             

15                        DEBORAH BARNES
                        UNITED STATES MAGISTRATE JUDGE

16

17

18

19

20

21  DB:14
    DB/DB Prisoner Inbox/Civil Rights/S/blac0442.preliminjunction

22

23

24

25

26

27

28