UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KARL BLACKWELL, | No. 2:19-cv-00442 TLN DB P |
| Plaintiff, | |
| v. | ORDER |
| A. JENKINS, et al., | |
| Defendants. | |

Plaintiff is a state prisoner proceeding in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant violated his Eighth and First Amendment rights. Presently before the court is plaintiff's motion to compel. (ECF No. 72.) Defendant filed an opposition to the motion to compel. (ECF No. 74.) For the reasons set forth below, the court will deny the motion to compel without prejudice.

**PLAINTIFF'S MOTION TO COMPEL**

**I.    Legal Standard for Motions to Compel**

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

1

1  expense of the proposed discovery outweighs its likely benefit. Information within this scope of
2  discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

3  "Relevance for purposes of discovery is defined very broadly." Garneau v. City of
4  Seattle, 147 F.3d 802, 812 (9th Cir. 1998). In response to a request for production of documents
5  under Rule 34, a party is to produce all relevant documents in its "possession, custody, or
6  control." Fed. R. Civ. P. 34(a)(1).  The purpose of discovery is to "remove surprise from trial
7  preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."
8  United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation
9  omitted).

10  Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may
11 move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P.
12 37(a)(3)(B). The court may order a party to provide further responses to an "evasive or
13 incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad
14 discretion to manage discovery and to control the course of litigation under Federal Rule of Civil
15 Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v.
16 Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

17  "The party seeking to compel discovery has the burden of establishing that its request
18 satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery
19 has the burden of showing that the discovery should be prohibited, and the burden of clarifying,
20 explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL
21 1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted). Specifically, the party moving to
22 compel bears the burden of informing the court (1) which discovery requests are the subject of the
23 motion to compel, (2) which of the responses are disputed, (3) why the party believes the
24 response is deficient, (4) why any objections are not justified, and (5) why the information sought
25 through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-
26 1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-
27 5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).
28 ////

### II. Plaintiff's Motion

Plaintiff requests that the court issue an order compelling defendant to produce in full documents requested by plaintiff in "Request for Production of Documents (Set Two)." (ECF No. 72 at 2.) Plaintiff's motion appears to be made on the grounds that, at the end of his request, plaintiff included the following statement: "If for any reason defendant elects to deny Plaintiff any of these requests or some, due to current status, they should be ready for inspection at the date of pre-trial with due time to inspect." (Id. at 7.) It appears that plaintiff intended for defendant to provide the court with all documents that they objected to providing to plaintiff. (Id. at 1.) There would then be a "pre-trial inspection" of these documents. (Id.) Whether plaintiff intended to inspect the documents himself or to have the court conduct an inspection is unclear from the motion.

Plaintiff states that "no indication whatsoever had been made…that defendant intends to comply" with plaintiff's directive to have the documents "ready for inspection." (Id. at 2.) Plaintiff claims that the court should order defendant to produce all requested documents to plaintiff due to defendant's the failure to file these documents with the court for "pre-trial inspection." (Id.)

In response, defendant contends that plaintiff has not met his burden to show that additional discovery must be compelled and that plaintiff failed to meet and confer regarding these requests. (ECF No. 74 at 3-4.) Defendant argues that the court should deny plaintiff's motion as a result. (Id. at 5.)

### III. Plaintiff's Motion is Insufficient

Plaintiff's motion to compel is made solely on the grounds that defendant did not file the requested documents with the court for pre-trial inspection after defendant objected to producing them.

Plaintiff's request appears to direct defendant to file these documents with the court for pre-trial inspection. This order was improper when it was included in plaintiff's initial request and defendant was under no obligation to comply with this request. As stated in the court's October 5, 2021, Discovery and Scheduling Order, discovery requests and responses are "not to

3

be filed with the court." (ECF No. 67 at 5.) This comports with the Local Rule 250.3(c) for the United States District Court, Eastern District of California which states:

> Requests for production, responses and proofs of service thereof shall not be filed unless and until there is a proceeding in which the request, response, or proof of service is at issue. When required in a proceeding, only that part of the request for production, response or proof of service that is in issue shall be filed.

Even when a request or response is at issue, only the requests, responses must be filed. The rules do not permit the filing of the underlying document in question. Thus, plaintiff's inclusion of a sentence in his request for documents ordering defendant to provide documents for pre-trial inspection is plainly improper. In fact, defendant's compliance with this request would have violated the court's prior order and could have "result[ed] in an order of sanctions, including, but not limited to, a recommendation that the action be dismissed, or the answer stricken." (ECF No. 67 at 5.) Additionally, plaintiff provides no argument as to why "pre-trial inspection" of these documents is required or even permissible.[1] As such, the court will not compel production of the requested documents based on defendant's failure to comply with plaintiff's directive that defendant file these documents with the court.

Further, plaintiff's motion does not provide any legitimate grounds for the court to compel discovery. To succeed on a motion to compel, a party must explain why they believe each response, including all objections therein, are deficient and why the information they seek is relevant to their case. McCoy, 2016 WL 3196738, at *1; Ellis, 2008 WL 860523, at *4. Plaintiff has not included any such arguments in his motion. Plaintiff fails to identify which specific responses to his requests for production were deficient. (See ECF No. 72 at 1-2.) He also does not provide any explanation as to why defendant's objections are invalid or provide a legal basis

---

[1] It is not entirely clear what source of law plaintiff has drawn his "inspection at the date of pre-trial" from as he does not cite any. (ECF No. 72 at 2.) It may stem from a misunderstanding of Federal Rule of Civil Procedure 37(a)(3)(A)(iv) which states that a motion to compel may be made if "a party fails to produce documents or fails to respond that inspection will be permitted— or fails to permit inspection—as requested under Rule 34." This references another form of discovery where a party requests to inspect a tangible item in the possession of another party. Fed. R. Civ. P. 34. It does not give plaintiff the ability to require that a defendant must allow an inspection of documents they object to producing.

Case 2:19-cv-00442-TLN-DB   Document 77   Filed 04/26/22   Page 5 of 5

1   for this court to compel defendant to respond to the discovery request.  (See Id.)  Thus, plaintiff's
2   motion to compel does satisfy the burden for a successful motion.
3         Accordingly, plaintiff's motion to compel discovery will be denied.  Given that plaintiff
4   may not have fully understood what is necessary for a successful motion to compel, the court will
5   deny plaintiff's motion without prejudice and permit him to file a new motion to compel
6   discovery of the documents requested in Plaintiff's "Request for Production of Documents (Set
7   Two)."  However, any such motion must be filed by the deadline set below and is limited solely
8   to the documents in the specified request for production.

### CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 72) is denied without prejudice;
2. Plaintiff may file a motion to compel related to his "Request for Production of Documents (Set Two)" within twenty-one days from when this order is served; and
3. All other dates and deadlines previously set by the court, including the deadline for pretrial motions, are unchanged.

Dated:  April 25, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/blac0442.mtc

5