UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KARL BLACKWELL,<br><br>Plaintiff,<br><br>v.<br><br>A. JENKINS, et al.,<br><br>Defendants. | No. 2:19-cv-00442 TLN DB P<br><br><br><br>ORDER |

Plaintiff is a state prisoner proceeding in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant violated his Eighth and First Amendment rights. On April 26, 2022, the court denied plaintiff's motion to compel discovery. Presently before the court are two renewed motions to compel filed by plaintiff. (ECF No. 84, 90.) For the reasons set forth below, the court will deny the motions to compel.

**PLAINTIFF'S MOTIONS TO COMPEL**

**I.      Legal Standard for Motions to Compel**

Under Rule 26 of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or

1

1  expense of the proposed discovery outweighs its likely benefit. Information within this scope of
2  discovery need not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1).

3  "Relevance for purposes of discovery is defined very broadly." Garneau v. City of
4  Seattle, 147 F.3d 802, 812 (9th Cir. 1998). In response to a request for production of documents
5  under Rule 34, a party is to produce all relevant documents in its "possession, custody, or
6  control." Fed. R. Civ. P. 34(a)(1). The purpose of discovery is to "remove surprise from trial
7  preparation so the parties can obtain evidence necessary to evaluate and resolve their dispute."
8  United States v. Chapman Univ., 245 F.R.D. 646, 648 (C.D. Cal. 2007) (quotation and citation
9  omitted).

10  Under Rule 37 of the Federal Rules of Civil Procedure, "a party seeking discovery may
11  move for an order compelling an answer, designation, production, or inspection." Fed. R. Civ. P.
12  37(a)(3)(B). The court may order a party to provide further responses to an "evasive or
13  incomplete disclosure, answer, or response." Fed. R. Civ. P. 37(a)(4). "District courts have 'broad
14  discretion to manage discovery and to control the course of litigation under Federal Rule of Civil
15  Procedure 16.'" Hunt v. County of Orange, 672 F.3d 606, 616 (9th Cir. 2012) (quoting Avila v.
16  Willits Envtl. Remediation Trust, 633 F.3d 828, 833 (9th Cir. 2011)).

17  "The party seeking to compel discovery has the burden of establishing that its request
18  satisfies the relevancy requirements of Rule 26(b)(1). Thereafter, the party opposing discovery
19  has the burden of showing that the discovery should be prohibited, and the burden of clarifying,
20  explaining or supporting its objections." Bryant v. Ochoa, No. 07cv200 JM (PCL), 2009 WL
21  1390794, at *1 (S.D. Cal. May 14, 2009) (citations omitted). Specifically, the party moving to
22  compel bears the burden of informing the court (1) which discovery requests are the subject of the
23  motion to compel, (2) which of the responses are disputed, (3) why the party believes the
24  response is deficient, (4) why any objections are not justified, and (5) why the information sought
25  through discovery is relevant to the prosecution of this action. McCoy v. Ramirez, No. 1:13-cv-
26  1808-MJS (PC), 2016 WL 3196738, at *1 (E.D. Cal. June 9, 2016); Ellis v. Cambra, No. 1:02-cv-
27  5646-AWI-SMS PC, 2008 WL 860523, at *4 (E.D. Cal. Mar. 27, 2008).
28  ////

## II. Plaintiff's Motions

On April 26, 2022, the court denied plaintiff's motion to compel discovery on the grounds that it was insufficient as it incorrectly argued that defendants should have submitted discovery documents to the court. (ECF No. 77.) The court denied the motion without prejudice and set a new deadline by which plaintiff could file a new motion to compel by May 17, 2022. (Id. at 5.) On May 23, 2022, the plaintiff filed a new motion to compel. (ECF No. 84.) Defendants filed an opposition (ECF No. 85) and plaintiff filed a reply to the opposition (ECF No. 86). Plaintiff subsequently filed a new motion to compel on August 15, 2022. (ECF No. 90).

Plaintiff's first pending motion to compel is a brief motion in which plaintiff requested that "the court compel the defendants to comply to discovery rules 110 (Fed. R. Civ. P. 11)." (ECF No. 84 at 2.) Plaintiff states following the court's denial of his previous motion, defendants provided an additional discovery. (Id. at 1-2.) Plaintiff then indicates that he re-sent his previous discovery requests to the defendant using different wording. (Id. at 2) Finally, plaintiff states he is "no longer housed where officer A. Jenkins is employed therefore there should not be any withholding evidence pursuant to his conduct in the past years[.]" (Id.) Plaintiff attaches a discovery request dated May 14, 2022 and includes a proof of service by mail indicating plaintiff served this document to defense counsel on the same date. (ECF No. 84-1 at 1, 4-5.)

Defendant argues that plaintiff's motion to compel was filed after the deadline for plaintiff to file a motion to compel. (ECF No. 85 at 1.) Defendant notes that the court previously notified defendant that a motion to compel filed beyond the deadline for discovery motions would require a successful motion to modify the discovery and scheduling order.[1] (Id. at 2.) Defendant contends that plaintiff's motion should be denied as he has not filed a motion to modify the scheduling order "nor made the required showing of good cause in support of a motion to modify." (Id.)

////

---

[1] The court warned plaintiff that he must show good cause to modify the discovery and scheduling order deadlines in a May 25, 2022 order. (ECF No. 82.) This order was in response to a motion for extension of time filed by the plaintiff. (ECF No. 81.)

3

In reply, plaintiff argues that good cause exists to modify the deadline as plaintiff was transferred on May 4, 2022 and did not have access to his property until "around the 12th or 13th" when he drafted the motion to compel. (ECF No. 86 at 1-2.) Plaintiff states that he dated the motion May 14, 2022 and then mailed it on or about May 16, 2022. (Id. at 2.) Plaintiff also mentions that he suffers from carpal tunnel which makes writing difficult. (Id. at 1.)

Plaintiff filed a second motion to compel on August 15, 2022. (ECF No. 90.) This request is a renewal of plaintiff's other pending motion to compel which requests the same documents. (See ECF Nos. 84, 90.)

### III.     Plaintiff's First Pending Motion to Compel

As an initial issue, it appears that plaintiff's first pending motion to compel was timely filed pursuant to the court's April 26, 2022 order. Under that order, plaintiff was permitted to file a motion to compel by May 17, 2022. (ECF No. 77.) The present motion was filed with the court on May 26, 2022. (ECF No. 84.) However, plaintiff claims to have sent this motion "on or about May 16, 2022" though it is signed May 14, 2022. (ECF No. 86 at 2.) Generally, the mailbox rule applies to pro se inmates so as to make a pleading constructively "filed" when it is signed. Roberts v. Marshall, 627 F.3d 768, 770 n.1 (9th Cir. 2010); Douglas v. Noelle, 567 F.3d 1103, 1107 (9th Cir. 2009) (extending the mailbox rule to § 1983 suits filed by pro se prisoners). It is less clear if this is the case where plaintiff has expressly stated that he filed it days after it was signed. However, regardless of which date is used, plaintiff's motion to compel was constructively filed prior to the deadline for such a motion due to the mailbox rule.

Though timely filed, plaintiff's first pending motion to compel (ECF No. 84) addresses a new discovery request that was signed and served on May 14, 2022. (See ECF No. 84-1 at 4-5.) The deadline for discovery requests set by the discovery and scheduling order was sixty days prior to February 4, 2022. (ECF No. 67 at 5.) While the court extended the deadline for plaintiff to file a motion to compel, that order did not permit plaintiff additional time to submit discovery requests. (ECF No. 77.) As such, if plaintiff's motion to compel is based on the May 14, 2022 request for discovery, it must be denied as the request was made after the time for such discovery requests had closed.

To the extent that plaintiff's first motion to compel refers to his prior, timely filed request for discovery, the motion is also insufficient. On a motion to compel the moving party must show: (1) which discovery requests are the subject of the motion to compel, (2) which of the responses are disputed, (3) why the party believes the response is deficient, (4) why any objections are not justified, and (5) why the information sought through discovery is relevant to the prosecution of this action. McCoy, 2016 WL 3196738, at *1; Ellis, 2008 WL 860523, at *4.

Plaintiff's brief motion fails to clarify what discovery requests are the subject of the motion to compel, as is apparent from plaintiff attaching a discovery request from May 14, 2022. (See ECF No. 84.) It also does not include information about what responses to plaintiff's requests were provided by the defendant. (See Id.) It is impossible to determine what responses are disputed or why plaintiff believes they are deficient. Similarly, the motion does not provide any objections from defendant or argument as to why they are justified. (See Id.) Thus, plaintiff has failed to make the required showing for a motion to compel. McCoy, 2016 WL 3196738, at *1; Ellis, 2008 WL 860523, at *4.

Given the above, plaintiff's first pending motion to compel (ECF No. 84.) appears to address a discovery request sent after the discovery deadline and also fails to make the requisite showing for a motion to compel to be granted. Accordingly, plaintiff's motion will be denied.

**IV.     Plaintiff's Second Pending Motion to Compel**

Plaintiff's second pending motion to compel was filed August 15, 2022 and was signed by plaintiff on August 6, 2022. (ECF No. 90.) As discussed above, the court granted extended the deadline to file a new motion to compel. (ECF No. 77.) Following this twenty-one-day extension, the deadline for plaintiff to file this motion to compel was May 17, 2022. (See Id.) Plaintiff's second pending motion to compel was sent nearly three months after the deadline set by the court.

Federal Rule of Civil Procedure 16(b)(4) provides that, "[a] schedule may be modified only for good cause and with the judge's consent." Federal Rule of Civil Procedure 16's "'good cause' standard primarily considers the diligence of the party seeking amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992).

Plaintiff has failed to show that good cause exists for the extended period of time between the deadline for filing a new motion to compel and the present motion. Plaintiff mentions that he suffers from carpal tunnel (ECF No. 90 at 1) but fails to explain why this caused a nearly three-month delay in filing this motion that appears to make mostly the same arguments as his prior motion. (See ECF Nos. 87, 90.) By contrast, plaintiff's first pending motion to compel was sent within the twenty-one days allowed by the court. Plaintiff also has not filed a motion to modify the discovery and scheduling deadline in connection with this motion. Modifying the schedule requires both good cause and the court's consent. Fed. R. Civ. P. 16(b)(4). The court previously informed plaintiff of these requirements in its May 25, 2022 order. (ECF No. 82.) Plaintiff has not presented good cause for the extended delay nor has he requested that the court modify the discovery and scheduling order.

Additionally, plaintiff's second pending motion to compel appears to reference the same request as the prior motion. However, it still fails to provide information on defendant's responses, why plaintiff believes the responses are deficient, and why any objections are not justified. (See ECF No. 90.) As such, even if plaintiff showed good cause to modify the scheduling order, it appears that plaintiff's motion should not be granted. McCoy, 2016 WL 3196738, at *1; Ellis, 2008 WL 860523, at *4.

Given the above, plaintiff's second pending motion to compel (ECF No. 90) will also be denied.

////
////
////
////
////
////
////
////
////

**CONCLUSION**

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to compel (ECF No. 84) is denied;

2. Plaintiff's motion to compel (ECF No. 90) is denied; and

3. All other dates and deadlines previously set by the court, including the deadline for pretrial motions, are unchanged.

Dated:  September 20, 2022

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/blac0442.mtc(2)