UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY KARL BLACKWELL,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>A. JENKINS, et al.,<br><br>　　　　Defendants. | No.  2:19-cv-00442 TLN DB P<br><br><br>ORDER |

Plaintiff is a state prisoner proceeding in forma pauperis with a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff alleges defendant violated his Eighth and First Amendment rights. On September 20, 2022, the court denied plaintiff's second motion to compel discovery. (ECF No. 91.) Presently before the court is plaintiff's motion for reconsideration of that order. (ECF No. 94.) For the reasons set forth below, the court will deny plaintiff's motion. Additionally, plaintiff's motion to exclude will be denied and plaintiff's motion for extension of time to respond to defendant's motion for summary judgment (ECF No. 101) will be granted.

## MOTION FOR RECONSIDERATION

### A.  Plaintiff's Motion

Plaintiff requests reconsideration of the court's order denying plaintiff's motion to compel discovery. (ECF No. 94.) That order denied two renewed motions to compel from the plaintiff on the grounds that these motions: (1) were based on an untimely filed discovery request; (2) did

1

1 not specify what requests were the subject of the motion to compel; (3) omitted defendant's
2 responses to plaintiff's requests; (4) and failed to include any argument as to why defendant's
3 responses and objections were deficient or not justified. (ECF No. 91 at 4-5.) Plaintiff's second
4 renewed motion to compel was denied on these grounds but also that it was filed after the
5 deadline for the filing of such a motion. (Id. at 6.)

6 In his motion for reconsideration, plaintiff argues that this second motion was not filed
7 after the deadline. (ECF No. 94 at 1-2.) Plaintiff claims the signature referenced by the court was
8 not when plaintiff sent the motion but when it was signed by a correctional officer. (Id.) He also
9 contends that he did not include defendant's responses as they did not provide any responses to
10 plaintiff's request for discovery at all. (Id. at 2.) Finally, plaintiff argues that he believes his
11 motions were clear as to what requests his motion referred to. (Id. at 3.)

12       **B. Legal Standards**

13 Under Federal Rule of Civil Procedure 60, reconsideration is appropriate in three
14 instances: (1) when there has been an intervening change of controlling law; (2) new evidence has
15 come to light; or (3) when necessary to correct a clear error or prevent manifest injustice. School
16 District No. 1J v. ACandS, Inc., 5 F.3d 1255, 1262 (1993). Additionally, the local rules state that
17 a motion for reconsideration must demonstrate: "what new or different facts or circumstances are
18 claimed to exist which did not exist or were not shown upon such prior motion, or what other
19 grounds exist for the motion; and [] why the facts or circumstances were not shown at the time of
20 the prior motion." E.D. Cal. R. 230(j)(3), (4).

21       **C. Analysis**

22 Plaintiff fails to show any change of law or new information sufficient to warrant a change
23 in the ruling. The bulk of plaintiff's arguments concern the court's finding that plaintiff's second
24 renewed motion to compel was untimely filed. (See ECF No. 94 at 1-2, 4.) Plaintiff asserts that
25 the court used the incorrect date for that filing, claiming he "filed the motion on or about May 20,
26 2022." (Id. at 2.) The court's original determination was based on the date placed under
27 plaintiff's signature on the motion which reads "August 6, 2022". (ECF No. 90 at 4.) However,
28 even if plaintiff did file his motion on May 20, 2022 as he claims, that motion would still be

1  untimely as this would be after the May 17, 2022 deadline set by the court's April 25, 2022 order.
2  (ECF No. 77 at 5.)

3  Regardless of the timeliness of the second motion, plaintiff's motion fails to address the
4  fact that both of plaintiff's motions to compel referenced a new discovery request made after the
5  deadline for such requests had passed. (See ECF No. 84-1 at 4-5; ECF No. 71.) Plaintiff presents
6  no argument showing that this discovery request was timely filed before the discovery deadline.
7  Thus, his motion fails to present an argument that would support a change of ruling of the prior
8  order denying his two renewed motions to compel.[1] Accordingly, the court will deny plaintiff's
9  motion for reconsideration. (ECF No. 94.)

### MOTION TO EXCLUDE PLAINTIFF'S ARREST RECORD

11  On October 17, 2022, plaintiff filed a motion to exclude plaintiff's arrest and conviction
12  record from trial. (ECF No. 95.) This one-page motion seeks the exclusion of evidence at trial.
13  The limitation or exclusion of evidence at trial is dealt with by motions in limine. United States
14  v. Heller, 551 F.3d 1108, 1111 (9th Cir. 2009). Motions in limine are motions that are made at
15  the outset of trial. Id. at 1111-12. Plaintiff's motion is properly considered a motion in limine.
16  As such, this motion (ECF No. 95) is premature as defendant has filed a motion for
17  summary judgment that has not yet been resolved, pretrial statements have not been filed, and a
18  trial date has not been set. It will be denied without prejudice as premature. As stated in the
19  court's order regarding plaintiff's prior order to exclude (ECF No. 79.) The court will inform
20  parties when it is time for motions in limine to be filed.

### MOTION FOR EXTENSION OF TIME

22  Plaintiff has also filed a motion for extension of time to file a reply to defendant's motion
23  for summary judgment. (ECF No. 101.) This motion was filed after plaintiff had filed what
24  appeared to be an opposition to the motion for summary judgment. (ECF No. 100.) With the
25  context of plaintiff's request for extension of time, it appears plaintiff did not intend that

---

[1] As noted above, plaintiff's motion for reconsideration also argues that he did not include defendant's responses as they failed to respond to his request for discovery. (ECF No. 94 at 2.) However, the court need not reach these arguments as plaintiff's motion does show his request for discovery was timely and thus fails to present an argument that would support a change of ruling.

document as an opposition addressing the merits of defendant's motion but instead an objection to the timing of the motion for summary judgment.  Plaintiff's concern appears to be that there was a pending motion for reconsideration when the motion for summary judgment was filed.  Absent a separate request for a modification of the discovery and scheduling order, a motion for reconsideration does not halt case proceedings.  However, this issue is moot as this order resolves plaintiff's motion for reconsideration.  As such, the court will grant plaintiff's motion for extension of time so that plaintiff may file a substantive reply to the motion for summary judgment.  (ECF No. 101.)

## CONCLUSION

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsideration (ECF No. 94) is denied;
2. Plaintiff's motion to exclude plaintiff's arrest and conviction record from trial (ECF No. 95) is denied without prejudice as premature;
3. Plaintiff's motion for extension of time to respond to defendant's motion for summary judgment (ECF No. 101) is granted; and
4. Plaintiff shall have thirty days from service of this order on plaintiff to file any reply to defendant's motion for summary judgment.

Dated:  March 20, 2023

DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DB Prisoner Inbox/Civil Rights/S/blac0442.mtr+36opp

4